UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVAN GAHR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-02675 (APM) |
| ) | |
| HERITAGE FOUNDATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is Defendant Heritage Foundation's Motion to Dismiss Plaintiff's Complaint. *See* ECF No. 6.[1] The court grants the motion largely for the reasons offered by Defendant.

First, with respect to Plaintiff's claim under Title II of the Civil Rights Act of 1964, that claim fails because Plaintiff does not plead facts sufficient to establish that the Heritage Foundation is a "place of public accommodation." 42 U.S.C. § 2000a(b). Plaintiff alleges that "Heritage regularly hosts public events and panel discussions that are public accommodations akin to restaurants under the Civil Rights Act beca[us]e food and bevera[]ges are served and anybody can attend," Compl., ECF No. 1, ¶ 7, and argues that "even if Heritage is a private organization its events become places of public accommodations under the Civil Rights Act," Opp'n to Def.'s Mot. to Dismiss, ECF No. 15, at 2. Plaintiff reads the statute much too broadly. *See Foster v. Howard Univ. Hosp.*, No. Civ. A 06-244 (JDB), 2006 WL 2938701, at *2 (D.D.C. Oct. 13, 2006) ("The

---

[1] Plaintiff also named as defendants three individuals—Kay Cole James, Rob Bluey, and Katrina Trinko—but the docket contains no proof of service as to them. The court will separately issue an Order to Show Cause as to those defendants.

statute 'sets forth a comprehensive list of establishments that qualify as a place of public accommodation and in so doing excludes from its coverage those categories of establishments not listed.'" (quoting *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006)).

To be considered a "place of public accommodation" under the statute, Title II requires Heritage to be either a "facility *principally* engaged in *selling* food for consumption on the premises," 42 U.S.C. § 2000a(b)(2) (emphasis added), or a "place of exhibition or entertainment," *id.* § 2000a(b)(3).[2] Plaintiff's allegations establish neither. Simply "host[ing] public events and panel discussions that are public" where food and beverage are served will not suffice. *See Amiri v. Safeway, Inc.*, C.A. No. 98-0176 (TFH), 1999 U.S. Dist. LEXIS 933, at *3 (D.D.C. Jan. 26, 1999) (concluding that the Safeway location in question was not a place of public accommodation because it was "a retail establishment principally engaged in the sale of groceries for consumption off premises . . . it is not a restaurant, cafeteria or lunch room . . . and it does not have food counters or table areas for eating food purchased in the store" (cleaned up)); *Denny*, 456 F.3d at 432 (4th Cir. 2006) ("The other subsections setting forth Title II's definition of 'place of public accommodation' reinforce the ordinary textual reading that 'place of entertainment' refers to those establishments designed to entertain. For Congress specifically included within Title II other service establishments, such as hotels and restaurants . . . . If . . . Congress had intended for 'place of entertainment' to encompass any service establishment with tangential entertainment value, there would have been no reason for Congress to include separate subsections for hotels, restaurants, and similar establishments in the statute." (citations omitted)). A Title II claim therefore cannot lie against the Heritage Foundation.[3]

---

[2] Plaintiff does not claim that the Heritage Foundation is subject to Title II of the Civil Rights Act either under subsections (b)(1) or (b)(4).
[3] Defendant also moves to dismiss the Title II claim on the ground that Plaintiff failed to provide the requisite administrative notice to the District of Columbia. *See* Def.'s Mem. of P&A in Support of Mot. to Dismiss, ECF No.

Second, Plaintiff's intentional infliction of emotion distress claim founders because Plaintiff does not plausibly allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *District of Columbia v. Tulin*, 994 A.2d 788, 800 (D.C. 2010) (internal quotation marks and citation omitted). Finally, his Civil Rights Act of 1866 claim fails, as that Act only make race discrimination actionable under now-codified 42 U.S.C. § 1981. *See generally Britton v. Gov't of D.C.*, No. 02-640 (RWR), 2007 WL 172310, at *1 n.1 (D.D.C. Jan. 23, 2007) (observing that "[t]he second section of the Act, currently codified at 42 U.S.C. § 1981, prohibits certain acts of racial discrimination"). Plaintiff only alleges discrimination based on his religion.

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 6, is granted. Additionally, Defendant's Motion for Protective Order, ECF No. 12, is denied as moot, and Plaintiff's Request for Injunctive Relief, ECF No. 11, is denied.

Dated: February 3, 2020

Amit P. Mehta
United States District Court Judge

---

6-2, at 4 (citing 42 U.S.C. § 2000a-3(c)); however, even if Plaintiff failed to provide notice, the appropriate remedy would be holding the case in abeyance to allow Plaintiff to file the notice, not dismissal. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 154 (D.C. Cir. 2015).