UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **EVAN GAHR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-02675 (APM) |
| | ) | |
| **THE HERITAGE FOUNDATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

    Defendant The Heritage Foundation is seeking monetary sanctions against *pro se* Plaintiff Evan Gahr pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons that follow, the court denies Defendant's motion.

    On September 4, 2020, Plaintiff sued Defendant and other named individuals for alleged intentional infliction of emotional distress and violations of Title II of the Civil Rights Act of 1964 and the Civil Rights Act of 1866. *See* Compl., ECF No. 1; Am. Compl., ECF No. 5. The court dismissed the action for failure to state a claim and for failure to serve the individual defendants. *See* Order, ECF No. 23; Mem. Op., ECF No. 19. Defendant now contends that Rule 11 sanctions against Plaintiff are warranted because his "legal claims in this action were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Def.'s Mot. for Sanctions, ECF No. 22 [Def.'s Mot.], at 1. In support of its motion, Defendant cites three other cases Plaintiff has initiated against Defendant, and catalogues Plaintiff's "misconduct" toward Defendant's counsel, its employees, and affiliates during the pendency of those cases. *See* Def.'s Mem. of P. & A. in Supp. of Def.'s Mot., ECF No. 22-1 [hereinafter Def.'s Mem.], at 8. The court considers each issue in turn.

### A. Plaintiff's Four Lawsuits Against Defendant

This case is the second of four that Plaintiff has filed against Defendant. The first, *Heritage I*, was filed on April 12, 2019, and alleged violations of the D.C. Human Rights Act. The case was dismissed after Plaintiff failed to appear for a hearing. Def.'s Mem. at 2–3; *see also* Def.'s Mot., Ex. 3, ECF No. 22-4, at 1. The third, *Heritage III*, was filed on January 7, 2020, in the D.C. Superior Court Small Claims Division, and alleged that Defendant's counsel had caused Plaintiff emotional distress by sending Plaintiff emails without copying third parties. *See* Def.'s Mem. at 6. That case was also dismissed after Plaintiff failed to appear for a hearing. *Id.* Plaintiff filed a fourth lawsuit on January 13, 2020, *Heritage IV*, which involved similar allegations as *Heritage I*. *Id.* That case was also dismissed without prejudice after Plaintiff failed to appear for a hearing. See Order, 2020 CA 000282 B (D.C. Sup. Ct. Mar. 14, 2020).

The fact that Plaintiff has filed three other cases against Defendant is not enough to merit sanctions. "Courts are generally reluctant to impose Rule 11 sanctions on pro se litigants unless they have re-filed the same claim repeatedly," *see Sweigert v. Podesta*, Civil Action 17-cv-2330 (RC), 2019 WL 1243679, at *3 (D.D.C. Mar. 18, 2019), and it does not appear that any of the other cases present the same claims that the court dismissed in this case. The court is more troubled by the possibility that Plaintiff is serially filing actions against Defendant with no intent to litigate their merits. However, while *Heritage I, III*, and *IV* were dismissed after Defendant failed to appear for hearings, this case was resolved on its merits, at least as to Defendant The Heritage Foundation. Sanctions are therefore unwarranted in this case, but may be appropriate in the future if Plaintiff continues to file, but not litigate, lawsuits against Defendant.

2

### B.     Plaintiff's Inappropriate Conduct

Defendant alleges that Plaintiff's harassing conduct began during *Heritage I* and continued during this case.  *See* Def.'s Mem. at 2–6.  In *Heritage I*, Plaintiff allegedly made misogynistic comments to a defense attorney, shamed one of Defendant's employees for her weight, chased another attorney after a hearing, served subpoenas on Defendant's employees requiring them to attend depositions at the National Zoo, threatened to "drag" Defendant's affiliates into the lawsuit because they spoke at Defendant's events, and announced his intent to use the discovery process to conduct "ambush telephone interviews" of Defendant's donors.  *Id.* at 2–4.  In response to such conduct, the D.C. Superior Court issued a protective order, finding that Plaintiff had "used offensive language in his pleadings," "inappropriately utilized the judicial process to harass and embarrass employees" of Defendant, and abused the discovery process to "communicate with third party individuals."  *See* Def.'s Mot., Ex. 3, ECF No. 22-4, at 3.

While this case was pending, Defendant also allegedly made sexist remarks to defense counsel, insulted Defendant's employees, sent a letter of complaint about Defendant's employee to the Attorney General, and indicated his intent to disrupt Defendant's events by "sending in an 'army of homeless people' to 'do their business' in Heritage's bathrooms," among other misbehavior.  Def.'s Mem. at 4–6.

Such conduct is certainly offensive, but it is not the court's role to "police out-of-court conduct" or serve as "arbiter [to] every dispute or clash of personalities."  *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2016 WL 521320, at *5 (E.D. Cal. Feb. 10, 2016).  Courts retain inherent authority to sanction litigants for out-of-court conduct, but such conduct is ordinary only appropriate when the litigant "abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also, e.g.*, *Vestin Fund II, LLC v. Srinivasan*, No. CIV. H-03-5071, 2007 WL

3

1091002, at *2 (S.D. Tex. Apr. 10, 2007) (denying sanctions where the litigant "did not obstruct any court proceeding by out-of-court conduct"); *In re Taylor*, 916 F.2d 1027, 1028 (5th Cir. 1990) (expressing "concern over the possible punitive character of the sanctions imposed" on an attorney who ingested controlled substances); *Getty v. Reed*, 674 F.2d 568, 570 (6th Cir. 1982) (suggesting that an attorney's out-of-court statements that another attorney was a "damned liar" were protected by the First Amendment, but that sanctions were nevertheless warranted due to the attorney's "in-court conduct").

Unlike in *Heritage I*, there is no indication here that Plaintiff "inappropriately utilized the judicial process" to engage in any of the offensive conduct that allegedly occurred during the pendency of this case. Def.'s Mot., Ex. 3, ECF No. 22-4, at 3. To the contrary, the harassing behavior that Defendant complains of primarily appears to be insulting communications that began before this action commenced and continued after it terminated. *See* Def.'s Mem. at 4 ("During the pendency of this lawsuit [Plaintiff's] harassing behavior continued."); Def.'s Notice Regarding Def.'s Mot., ECF No. 27 (noting that Plaintiff's insulting communications have "continued unabated" since the court dismissed the action). These communications are inappropriate, but they do not, without more, demonstrate that Plaintiff "has used the litigation process to harass Heritage and its employees," as Defendant contends. *See* Def.'s Mem. at 8.

The two cases Defendant cites in support of its motion do not compel a different result. *See* Def.'s Mem. at 9 (citing *Kindig v. Whole Foods Market Group., Inc.*, 971 F. Supp. 2d 37 (D.D.C. 2013), and *Mikkilineni v. Penn Nat. Mut. Cas. Ins. Co.*, 271 F. Supp. 2d 151 (D.D.C. 2003)). In *Kindig*, the plaintiff "misled the Court" and used abusive language "in most of her pleadings and in the Court hearings and telephone status hearings." 971 F. Supp. 2d at 48–49. Likewise, in *Mikkilineni*, the plaintiff "intentionally circumvented a court order." 271 F. Supp.

4

2d at 155. In contrast, here, there is no indication that Plaintiff similarly abused the judicial process to engage in his harassing communications.

In sum, Plaintiff litigated this case on the merits, and did not directly use the judicial process to engage in his insulting communications during its pendency. While the court is concerned that Plaintiff filed three other cases against Defendant that were dismissed after Plaintiff failed to appear for hearings, the court cannot conclude that Plaintiff's actions in this case merit sanctions.

This is a final, appealable order.

Dated: August 19, 2020

Amit P. Mehta
United States District Court Judge